IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KAREN R. MIZE                                                                                                      PLAINTIFF

vs.                                    Civil No. 2:17-cv-02220

NANCY A. BERRYHILL                                                          DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Karen R. Mize ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed her disability application on July 2, 2014. (Tr. 19). In her application, Plaintiff alleges she is disabled due to neuropathy in her neck, depression, and anxiety. (Tr. 240). Plaintiff alleges an onset date of August 10, 2012. (Tr. 15). This application was denied initially and again upon reconsideration. (Tr. 261-276).

Plaintiff requested an administrative hearing on her denied application. (Tr. 138-139). This

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

hearing request was granted, and Plaintiff's first administrative hearing was held on July 21, 2015. (Tr. 38-61). Thereafter, on September 22, 2016, the ALJ held a second administrative hearing. (Tr. 66-95). This hearing was held in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by counsel, Iva Nell Gibbons. *Id.* Plaintiff and Vocational Expert ("VE") Barbara Hubbard testified at this hearing. *Id.*

After this hearing, the ALJ entered an unfavorable decision denying her disability application. (Tr. 16-30). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 21, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 10, 2012 (her alleged onset date). (Tr. 21, Finding 2). The ALJ determined Plaintiff had the following severe impairments: hypertension; degenerative disc disease of the cervical spine at C2-3 and C3-4; status/post-epidural steroid injection (ESI); degenerative joint disease of the lumbar spine with spondylosis at L4-5; headaches; major depression; and anxiety. (Tr. 21, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22-23, Finding 4).

The ALJ determined Plaintiff had a high school education and was able to communicate in English. (Tr. 29, Finding 8). The ALJ determined Plaintiff was forty-five (45) years old, which is defined as an "younger individual" under 20 C.F.R. § 404.1563(c) (2008) on her alleged disability onset date. (Tr. 29, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 23-28, Finding 5). First, the ALJ evaluated Plaintiff' subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

After careful consideration of the entire record, the undersigned finds that the claimant

2

has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she is limited to occasional overhead reaching. She is able to perform work involving simple tasks, simple instructions, and incidental contact with the public.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW. (Tr. 28-29, Finding 6). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 29-30, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform work as a document preparer with 27,000 such jobs in the nation and 260 such jobs in Arkansas; addresser with 11,000 such jobs in the nation and 50 such jobs in Arkansas; and inspector/sorter/weigher jobs with 10,000 such jobs in the nation and 120 such jobs in Arkansas. (Tr. 30). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from August 10, 2012 through the date of his decision or through December 13, 2016. (Tr. 30, Finding 11).

Plaintiff sought review with the Appeals Council. On October 6, 2017, the Appeals Council denied this request for review. (Tr. 5-8). On December 1, 2017, Plaintiff filed a Complaint in this matter. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 7, 12-13. This case is now ready for determination.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly

4

limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises four arguments for reversal: (A) the ALJ failed to properly develop the evidence in the record; (B) the ALJ failed to consider evidence which detracted from his findings; (C) the ALJ failed to follow the proper legal standards; and (D) the ALJ failed to satisfy his burden at Step Five of the Analysis. ECF No. 12 at 1-19. The Court will address all four of these arguments.

**A.    Development of the Record**

Plaintiff claims the ALJ did not properly develop the record. ECF No. 12 at 9-11. Specifically, Plaintiff claims the ALJ should have sought additional clarification from her treating physician, Dr. Roxanne Marshall, M.D., prior to discounting her findings. *Id.* Notably, it appears the "finding" the ALJ improperly discounted was the following from Dr. Marshall's report dated August 25, 2014:

> . . . In my professional opinion, the combination of these impairments as well as side effects to her medications would prevent her from working at any job eight hours a day, five days a week because she would be unable to sit, stand or walk in combination for that period of time without extended periods of unscheduled break time, during which she would need to lie down.

(Tr. 568).

Upon review of this argument, the Court finds no basis for reversal on this issue. For this Court to reverse Plaintiff's case based upon this issue, Plaintiff must demonstrate prejudice from the ALJ's failure to develop the record. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent prejudice or unfairness, we will not remand"). Here, Plaintiff has not demonstrated she was prejudiced by the ALJ's failure to develop the record in this case. ECF No. 12 at 9-11. Thus, she is not entitled to a remand.

Additionally, Dr. Marshall's findings are one-paged conclusory findings. (Tr. 568). As such, they are only entitled to limited weight and not the traditional controlling weight generally afforded to the opinions of a treating physician. *See Thomas v. Sullivan,* 928 F.2d 255, 259 (8th Cir. 1991) (recognizing that when a physician's opinion amounts to only a conclusory opinion amounts only to a conclusory statement, it is not entitled to greater weight than any other physician's opinion). Also for this reason, the Court cannot reverse and remand this case based upon this issue.

### B. Evidence Detracting from His Findings

Plaintiff claims the ALJ failed to consider evidence which "fairly detracted from his findings." ECF No. 12 at 11-12. Upon review of this argument, Plaintiff is actually alleging the ALJ erred in evaluating her subjective complaints. *Id.* Thus, the Court will consider this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20

C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v.*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. Indeed, the ALJ considered Plaintiff's subjective complaints, evaluated her medical records, and noted the following inconsistencies in his decision to discount Plaintiff's subjective complaints:

> . . . In terms of mental symptoms, the claimant has been able to maintain employment for up to twenty years in the past, and left her last job due to physical problems. Her activities of daily living indicate that she is able to take care of her own needs and help her parents with cooking, cleaning, and doctors' visits. Based on all the available evidence of record, the undersigned finds it reasonable to conclude that the claimant would be capable of work at a level consistent with the above residual functional capacity.

(Tr. 28). Based upon these inconsistencies, the Court cannot find a basis for reversal on this issue. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing that deference is warranted where the ALJ's credibility determination is supported by good reasons and substantial evidence).

### C. Proper Legal Standards

With this argument, Plaintiff claims the ALJ erred in evaluating her RFC because he did not give the proper weight to the findings of her treating physician. ECF No. 12 at 14-15. Specifically, Plaintiff claims the ALJ did not give proper weight to the findings of her treating physician, Dr. Marshall. *Id.*

As recognized above, Dr. Marshall's assessment is conclusory in nature. As such, and also as recognized above, that opinion is not entitled to controlling weight. Furthermore, in his opinion, the ALJ noted the following regarding Dr. Marshall's assessment: "Some weight is given to Dr. Marshall's assessment, as the claimant's treating physician, but the severity of limitations indicated is not supported by the other evidence of record, including recent consultative examinations by Dr. Shry and Dr. Westbrook." (Tr. 27). Based upon this review, the Court finds the ALJ followed the

proper legal standards, and there is no basis for reversal on this issue.

### D. Step Five Determination

As her final argument, Plaintiff claims the ALJ did not meet his burden at Step Five of the Analysis. ECF No. 12 at 17-18. With this argument, Plaintiff argues the ALJ improperly assessed her RFC; and with that flawed RFC, the ALJ improperly found Plaintiff could perform other work existing in significant numbers in the national economy. *Id.* As outlined above, however, the Court finds no error with the RFC determination. Thus, the Court likewise finds no basis for reversal on this issue.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of January 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE